IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RICHARD JARRETT and    )
MARGARET JARRETT,      )
                       )
            Plaintiffs, )
                       )
vs.                    )       Case No. 05-1097-CV-W-ODS
                       )
COASTAL MART, INC.,    )
                       )
            Defendant.  )

ORDER AND OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment. After reviewing the
record and the parties' arguments, the Court concludes there are no disputed issues of
material fact and the motion (Doc. # 20) is granted.


I.  BACKGROUND


Plaintiffs' home was located on land that was adjacent to land owned by
Defendant. Defendant operated a gas station on its property until 1991, at which time it
leased the property to Kenneth Wiggs. Wiggs continued operating a gas station on the
property until December 2002, at which time Defendant sold the property. In the
meantime, Plaintiffs sued Defendant and Wiggs in 1992, alleging contamination from
the gas station (apparently, gasoline) was found on Plaintiffs' property. A settlement
was reached in 1996; the Record does not contain a single document denominated a
"Settlement Agreement" (and one may not exist), but the Record reflects and the parties
agree that Plaintiffs were paid $50,000 and Plaintiffs dismissed their suit with prejudice.
In addition, the parties executed a "Declaration of Real Covenants, Easements, Release
of Claims, and other Restrictions to Run with the Land" (the "Declaration"). The Recitals
reflect the Coastal Mart and Wiggs "settled the Lawsuit in February, 1996 while at all

times denying any and all liability and denying that Jarretts or [their] Real Property suffered any damages."  The Recitals also declare that

> [i]n consideration of the parties' settlement of the Lawsuit, the Jarretts are willing and agree to (i) allow the Defendants access to the Real Property for purposes of investigation and, if necessary, remediation of gasoline contamination as required or approved by the Missouri Department of Natural Resources; (ii) release Defendants from any claims arising out of or related to any alleged gasoline spills/releases/leaks onto the Real Property; . . . and (iv) execute such documents as may be required to cause the matters addressed herein to run with the land.

The body of the document contains the following provisions:

> 1. <u>Access to the Real Property.</u>  Jarretts hereby grant to Defendants . . . an easement upon, across, over and under the Real Property to sample, investigate and, if necessary, remediate any gasoline contamination of the Real Property . . . .

> 2. <u>Installation of Equipment.</u>  Jarretts understand that the Defendants may be desirous of installing equipment on the Real Property for purposes of remediation of gasoline contamination ("Remediation Equipment"), and in furtherance thereof and to the extent required or approved by the Missouri Department of Natural Resources, Jarretts do hereby lease . . . unto the Defendants sufficient land area on the Real Property to permit the Defendants to install, maintain and operate the Remediation Equipment. . . . .

Plaintiffs filed this suit in September 2005, alleging Coastal Mart breached the parties' agreement by failing to test, inspect, and remediate their property.  Coastal Mart seeks summary judgment, arguing (among other things) the parties' agreement did not impose the duties Plaintiffs describe.

## II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  <u>See</u> <u>generally</u> <u>Williams v. City of St. Louis,</u>

783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"The purpose of contract construction is to ascertain the intent of the parties and to give effect to that intent, which is determined based on the contract alone unless the contract is ambiguous. A contract is ambiguous if its terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." Trimble v. Pracna, 167 S.W.3d 706, 714 (Mo. 2005) (en banc) (internal citations omitted). Thus, Plaintiffs' invitation for the Court to ascertain the parties' intent must not only start with the contract, but must also end with the contract unless the contract is susceptible of two or more interpretations.

In this case, the parties' agreement is unambiguous. It grants Coastal Mart the right to enter Plaintiffs' land to conduct tests and address contamination problems. It does not require Coastal Mart to take these steps. Plaintiffs present many arguments, all of which reduce to a single premise: it is difficult to believe Plaintiffs would agree to a settlement that did not require Coastal Mart to test and remediate. As difficult as it may be to believe, there is nothing in the agreement imposing these duties on Coastal Mart.

Plaintiffs contend it makes no sense for inspection and remediation to be at Coastal Mart's option. Assuming this contention creates ambiguity where none otherwise exists, the Recitals offer insight into this matter by referring to testing or remediation required by the Missouri Department of Natural Resources ("MDNR"). If

Case 4:05-cv-01097-ODS   Document 26   Filed 07/11/06   Page 3 of 4

MDNR issues such orders, the parties agreement assures Coastal Mart's access to the property. Plaintiffs also point to their affidavit wherein they aver the agreement requires Coastal Mart to inspect and remediate. Plaintiffs' affidavit cannot insert words into the agreement that do not exist.

Ultimately, Plaintiffs are left to argue that the agreement would be better or make "more" sense from their perspective if the duties were imposed on Coastal Mart. These contentions do not create an ambiguity in the agreement, and there is no interpretation of the agreement that leads one to believe these duties were imposed.

### III.  CONCLUSION

The language of the agreement is clear and unambiguous, and does not obligate Coastal Mart to test for or remediate contamination on Plaintiffs' property. There being no duty, there can be no breach. Coastal Mart is entitled to judgment as a matter of law.

IT IS SO ORDERED.


                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: July 11, 2006                           UNITED STATES DISTRICT COURT

4